GRIFFIN, Chief Judge.
Appellant appeals the lower court’s denial of his petition for writ of habeas corpus. The state appears to be correct that the writ was properly denied because resolution of the issue raised in appellant’s favor would not entitle him to immediate release. Moreover, we see no merit to appellant’s claim. Appellant contends, in essence, that he is entitled to credit for time served while he was out of prison as a conditional releas-ee.[1] Apparently, he violated the conditions of his release and was re-incarcerated. His argument is predicated on the existence of section 944.275(2)(e), Florida Statutes (1995), which expressly allows extension of release dates for probation violators and escapees but does not mention those who violate their conditions of conditional release. He fails to consider that the sentence he received for his crimes is a term of years, not a specific *1323 release date. Moreover, section 947.141(4) expressly provides that upon revocation of conditional release, the prisoner may be returned to prison to serve the sentence imposed.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.

. The Conditional Release Program Act is contained in section 947.1405, Florida Statutes (1995).